IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. Jason Douglas Black*
Case No. 3:18-cr-00125-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter pending before the Court is the Imposition of Sentence for Defendant Jason Douglas Black. To aid in sentencing, the Court ordered that the Parties provide supplemental briefing on whether Black's United States Sentencing Guideline (U.S.S.G.) calculation should include a two-level enhancement under U.S.S.G. § 3A1.1(b)(1) for having committed an offense against a "vulnerable victim."[1] The Parties have submitted their briefing on the issue.[2] The "vulnerable victim" analysis requires the Court to examine the totality of the victim's characteristics and circumstances to determine whether they are "less able to resist than the typical victim of the offense of conviction."[3]

The United States contends that because the victim in this case "was a woman living in a remote, primarily Inupiat Eskimo village of less than 700 people that was only accessible by air and had no local law enforcement aside from an unarmed [Village Police Officer] whom Black had also previously threatened to shoot," she was a vulnerable victim within the meaning of U.S.S.G. § 3A1.1(b)(1).[4] In support of its argument, the United States has submitted numerous reports and articles, which examine the well-known problem of violent crime in rural Alaskan communities and the frequent lack of law enforcement in those communities.[5]

In his filings, Black has not directly addressed whether or not the victim's characteristics or circumstances establish that she was a "vulnerable victim." Instead, Black argues that the United States failed to raise the vulnerable victim enhancement in its initial objections to the presentence report and, therefore, has waived any argument that the enhancement ought to apply in this case.[6] Moreover, Black moves to strike the United States' argument in favor of the enhancement from the

---

[1] Dkt. 78 (Minute Entry for Status Conference).
[2] Dkts. 79 (Black's Supplemental Memorandum), 80 (United States' Supplemental Memorandum).
[3] *United States v. Castaneda*, 239 F.3d 978, 980–83 (9th Cir. 2001) (internal quotation marks omitted) (reversing the district court's application of the vulnerable victim enhancement because typical victims of human trafficking suffered from the common vulnerabilities of "indebtedness, low income, and lack of financial resources or other options that would permit [the victims] to support themselves or pay for their passage back [home]."). *See also United States v. Wetchie*, 207 F.3d 632, 634 (9th Cir. 2000); *United States v. Luca*, 183 F.3d 1018, 1027 (9th Cir. 1999) (stating that the district court must point to facts that made the victim "less able to defend [herself] than a typical victim").
[4] Dkt. 80 at 6.
[5] Dkts. 80-1, 80-2, 80-3, 80-4, 80-5, 80-6, 80-7, 80-8, 80-9, 80-10.
[6] Dkt. 79 at 5.

record.[7] However, the Court has an independent duty to ensure that Black's sentencing guideline range is accurately calculated based on the relevant facts.[8] Therefore, the United States may raise any argument which aids the Court in making an accurate calculation. Accordingly, Black's motion to strike at page 5 of docket 79 is **DENIED**.

The question pending before the Court is not inconsequential. It concerns one of the most pressing crises within this Court's jurisdiction: violent crime and victimization in rural Alaska. In order to adequately address this issue as it pertains to Black's sentence, the Court finds the record underdeveloped. Specifically, to make its finding, the Court requires additional evidence on how the geographic remoteness of the offense and a lack of access to meaningful law enforcement impacts a victim's vulnerability to assault.[9] Therefore, the Court **HEREBY ORDERS** as follows:

1. An evidentiary hearing be held on the following issues:

    a. Whether evidence, such as recent data or expert testimony, tends to prove or disprove that the remoteness of rural Alaskan communities or lack of access to meaningful law enforcement makes victims "less able to resist than the typical victim" of assault.[10]

    b. Whether evidence, such as recent data or expert testimony, tends to prove or disprove that any other factors present in this case that make a victim "less able to resist than the typical victim" of assault.[11]

2. A status conference shall be held on **February 10, 2020 at 11:00 AM** during which the Parties will report on their progress toward securing witnesses and estimating the length of time the Parties need to put on their evidence. The Parties shall also provide the Court with three alternative dates and times the Parties and their witnesses are available.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: January 17, 2020.

---

[7] *Id.*

[8] 18 U.S.C. § 3553. *See also United States v. Carty*, 520 F.3d 984, 990–91 (9th Cir. 2008) ("All sentencing proceedings are to begin by determining the applicable Guidelines range. The range must be calculated correctly.").

[9] *See United States v. Weischedel*, 201 F.3d 1250, 1254 (9th Cir. 2000) (considering geographic remoteness); *United States v. Johnson*, 860 F.3d 1133 (8th Cir. 2017) (same).

[10] *Castaneda*, 239 F.3d at 980.

[11] *Id.*